OPINION
{¶ 1} Defendant-appellant All America Insurance Company appeals the decision of the Columbiana County Common Pleas Court granting summary judgment in favor of plaintiffs-appellees Alan and Diane Hinten (the Hintens). This court is asked to determine whether the trial court erred in granting summary judgment for the Hintens. Due to the Ohio Supreme Court's recent decision inWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, the decision of the trial court is reversed and summary judgment is entered in favor of All America Insurance Company.
 STATEMENT OF FACTS {¶ 2} On September 10, 1998, Alan was involved in a motorcycle/automobile accident in Columbiana County, Ohio. Nick Cozma, who was driving a Chevrolet Impala, failed to yield the right of way and collided with Alan who was driving a motorcycle. At the time of the accident, Alan was an employee of Church Budget Monthly Mail Company, Inc, however, he was not acting within the scope or course of his employment. Church Budget Monthly was insured under two policies, one issued by All American and the second policy issued by Westfield Insurance Company.
 {¶ 3} As a result of the accident and the injuries sustained therein, the Hintens brought suit against Cozma. The Hintens also asserted "Scott-Pontzer" claims for uninsured/underinsured motorist coverage against All America and Westfield.
 {¶ 4} All parties, All America, Westfield, and the Hintens, filed motions for summary judgment. The trial court held that the policy of commercial general liability insurance issued by Westfield was not an "automobile liability policy" and, thus, it did not provide uninsured/underinsured motorist coverage to the Hintens. However, the trial court did hold that the All America insurance policy provided uninsured/underinsured motorist coverage to the Hintens. The trial court additionally held that medical expense payments coverage was available to the Hintens under the All America insurance policy.
 {¶ 5} All America timely appealed from the trial court's order raising two assignments of error. On October 15, 2003, we held the appeal in abeyance pending the resolution of the following cases: Purvis v. Cincinnati Ins. Co., 2d Dist. No. 2001-CA-104, 2002-Ohio-1803, Estate of Houser v. Motorists Ins.Co., 3d Dist. No. 2-02-2, 2002-Ohio-2845, Westfield Ins. Co. v.Galatis, 9th Dist. No. 20784, 2002-Ohio-1502, Geren v.Westfield Ins. Co., 6th Dist. No. L-01-1398, 2002-Ohio-1230, andUzhca v. Derham, 2d Dist. No. 19106, 2002-Ohio-1814. Final judgment was issued in Galatis, 100 Ohio St.3d 216,2003-Ohio-5849 and In re Uninsured Underinsured MotoristCoverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888. Galatis
and In re Uninsured disposed of the above cited cases and, thus, the appeal was placed back on the active docket of this court.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 6} "The trial court erred in granting the plaintiffs' motion for summary judgment and in denying the motion for summary judgment of All America Insurance Company as to the existence of uninsured/underinsured motorist coverage under the All America Insurance Company policy for the injuries and damages claimed by the plaintiffs alan W. Hinten and Diane Hinten. (judgment entry [All American Ins. Co.] dated April 22, 2003, and filed for journalization April 23, 2003.)"
 {¶ 7} An appellate court reviews a trial court's decision to grant summary judgment de novo. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 1996-Ohio-336. Summary judgment is properly granted when: 1) no genuine issues as to any material fact exists; 2) the moving party is entitled to judgment as a matter of law; and 3) reasonable minds can only come to one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The evidence must be viewed in the light most favorable to the nonmoving party. Id.
 {¶ 8} All America argues that Alan is not an insured under its policy and thus uninsured/underinsured motorist coverage is not available to him. Given the decision rendered in Galatis,
we must agree.
 {¶ 9} The Supreme Court stated:
 {¶ 10} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, at ¶ 62, limiting the holding in Scott-Pontzerv. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660
(emphasis added).
 {¶ 11} In the case at hand, it is undisputed that the All America insurance policy names only Church Budget Monthly Mail Co. Inc as the insured. It is also undisputed that at the time of the accident Alan was not driving a Church Budget Monthly vehicle, nor was he operating in the scope or course of his employment. Thus, given these facts and the holding in Galatis,
Alan was not an insured under the All America insurance policy.
 {¶ 12} Arguments have been made, although not in this appeal, that Galatis does not apply retroactively. Generally, decisions of the Ohio Supreme Court that overrule former decisions are applied retroactively and the effect is not that the former decision was bad law, but that it was never law. Peerless Elec.Co. v. Bowers (1955), 164 Ohio St. 209. However, an exception exists to this general rule. Id. The exception states that where contractual rights arose under the prior decision, the new decision does not apply retroactively. Id.
 {¶ 13} Upon reconsideration of the Galatis decision, the Ohio Supreme Court was faced with the argument of whetherGalatis was retrospective. Without issuing an opinion, it denied reconsideration. This implies that the Galatis decision is intended to apply retrospectively and is not limited to prospective application. Further in support of this is over 90 cases that the Supreme Court has disposed of based uponGalatis. In re Uninsured Underinsured Motorist CoverageCases, 100 Ohio St.3d 302, 2003-Ohio-5888. Thus, Galatis
applies retrospectively.
 {¶ 14} Accordingly, the trial court's decision that the All America insurance policy provided uninsured/underinsured motorist coverage was in error. Given that the All America insurance policy did not provide uninsured/underinsured motorist coverage summary judgment should have been granted for All America. Thus, this assignment of error has merit.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 15} "The trial court erred in granting the plaintiffs' motion for summary judgment and in denying the motion for summary judgment of All America Insurance Company as to the existence of medical expense payments coverage under the all America Insurance Company policy for injuries claimed by the plaintiffs alan W. Hinten and Diane Hinten. (judgment entry [All American [sic] Ins. Co.] dates April 22, 2003, and filed for journalization April 23, 2003.)"
 {¶ 16} The Auto Medical Payments Coverage section of the policy issued by All America states under the coverage section that, "We will pay reasonable expenses incurred for necessary medical and funeral services to and for an `insured' * * *." An insured is defined as "you while `occupying' or while a pedestrian, when struck by any `auto.'" The insured, "you," is the party named on the declarations page. As aforementioned, the declarations named only Church Budget Monthly as the insured. Applying Galatis' definition of you when a corporation is named as an insured, Alan was not an insured under this policy. As explained above, Alan was not acting within the scope or course of his employment. Thus, this assignment of error has merit.
 {¶ 17} For the foregoing reasons, the decision of the trial court is hereby reversed and summary judgment is entered in favor of All America Insurance Company.
Waite, P.J., concurs.
DeGenaro, J., concurs.